Filed 1/22/24  P. v. Isaacs CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081791 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 16CR066230) |
| KAYVON JERMAINE ISAACS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Bernardino County, Daniel Detienne, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Eric A. Swenson and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Kayvon Jermaine Isaacs of first degree murder (Pen. Code,[1] §§ 187, subd. (a), 189, subd. (a); count 1), carjacking (§ 215, subd. (a); count 2), assault with a firearm (§ 245, subd. (a)(2); count 3), and misdemeanor child endangerment (§ 273a, subd. (b); count 4). The jury found that as to count 1, Isaacs personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subd. (d)), and with respect to counts 2 and 3, Isaacs personally used a firearm (§§ 12022.53, subd. (b), 12022.5, subd. (a)).

After we affirmed the conviction and remanded for resentencing, the trial court denied Isaacs's motion to dismiss the firearm enhancements attached to counts 2 and 3. It then sentenced Isaacs to a total term of 50 years to life plus 13 years on the felonies and a concurrent six months on the misdemeanor. The felony sentence consists of 25 years to life for the count 1 murder plus 25 years to life for the firearm use; a three-year lower term for the count 2 carjacking plus 10 years for the firearm use; and a two-year lower term for the count 3 assault plus 10 years for the firearm use, stayed under section 654.

Isaacs contends the trial court abused its discretion in declining to dismiss the firearm enhancements because it did not apply the correct legal standard, and he asks this court to remand for resentencing. He claims the trial court solely focused on the nature of the offenses themselves in finding a danger to public safety, and it failed to consider how shortening his sentence would put the public at risk. We disagree because the trial court recited the proper standard, and its analysis does not show a departure from that standard. We therefore affirm the judgment.

---

1    Undesignated statutory references are to the Penal Code.

2

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Isaacs shot and killed his girlfriend in the presence of their two-month-old child. (*People v. Isaacs* (Oct. 10, 2022, D079414) [nonpub. opn.])[2] Later the same day, Isaacs carjacked a woman at gunpoint. (*Ibid.*) After affirming his 2021 conviction for those crimes, we remanded the matter for resentencing due to recent legislative changes that applied retroactively. (*Ibid.*)

The trial court resentenced Isaacs on March 3, 2023. At the hearing, Isaacs moved to dismiss the firearm enhancements attached to counts 2 and 3 pursuant to section 1385. He claimed the multiple enhancements and his mental illness were mitigating circumstances that warranted dismissal.

The trial court adopted its findings from the original sentencing hearing, which included a determination that striking the firearm enhancements was inappropriate based on the serious and violent nature of the crimes and Isaacs's criminal history. Isaacs was previously convicted of burglary, possessing a firearm as a felon, and possessing ammunition as a felon, and he violated probation twice. The court then denied the motion under section 1385 as follows:

> "The Court: . . . So 1385(c)(1) says, 'the court shall dismiss an enhancement if it is in the furtherance of justice to do so.' And then 2 talks about the court exercising its discretion. Says, 'the court shall consider and afford great weight to evidence offered by the defendant to prove any of the mitigating circumstances that are listed in that section,' and [defense counsel] talked about two of them. 'Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement

[2] Respondent's unopposed request for judicial notice of our file in Isaacs's prior appeal (case No. D079414) is partially granted pursuant to Evidence Code section 452, subdivision (d). We take judicial notice of our prior opinion and the reporter's transcript from Isaacs's original sentencing hearing.

unless the court finds that the dismissal of the enhancement would endanger public safety. Endanger public safety means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.'

"So I find it's not in the furtherance of justice to dismiss the enhancements. And the enhancements in this case, they're all gun enhancements. So those are serious enhancements, obviously. I don't think it's in the furtherance of justice to do so, and I do believe that it would endanger public safety. Like I said, these are gun enhancements, and count 1 and count 2 and 3 are separate and distinct crimes.

"So count 1, Mr. Isaacs used a gun on his significant other, shot her, I believe, in the head, right?

"[Prosecutor]: That's correct.

"The Court: Virtually point blank or very close range. And then count 2 was a separate crime, a completely innocent victim who was carjacked and had a gun pointed at her. And I don't think it would be in the furtherance of justice to dismiss those gun enhancements. . . ."

Following that, the trial court resentenced Isaacs, and he timely appealed.

DISCUSSION

*A. Guiding Principles*

Section 1385 provides in pertinent part as follows:

(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence

4

offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

The mitigating circumstances in subparagraphs (A) to (I) include "[m]ultiple enhancements are alleged in a single case," and "[t]he current offense is connected to mental illness." (§1385, subd. (c)(2)(B) & (D).)

We review a trial court's decisions under section 1385 for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) A trial court abuses its discretion when it applies an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.) However, " 'The trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations] and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637; see also, *People v. Thomas* (2011) 52 Cal.4th 336, 361 ["In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.' "].)

*B. Analysis*

In ruling on Isaacs's motion to dismiss the firearm enhancements, the trial court quoted the relevant portions of section 1385. Specifically, it confirmed that it shall dismiss an enhancement if it is in the furtherance of justice, it acknowledged the presence of multiple enhancements and mental illness are two mitigating circumstances that weigh greatly in favor of dismissal unless dismissal would endanger public safety, and it recited the

5

statutory definition of "endanger public safety." The court then stated dismissing the enhancements is not in the furtherance of justice and would endanger public safety. This shows the trial correct applied the correct legal standard.

Although the court focused its discussion on the circumstances of the crimes, that does not establish it applied the wrong legal standard. Indeed, the circumstances of a crime may be relied upon to find future danger to the public because they are relevant to the threat posed by a defendant and the time of incarceration needed to protect the public from that threat. (See *People v. Mendoza, supra,* 88 Cal.App.5th at p. 299.)

Additionally, the court's analysis was not limited to the circumstances of the crimes as Isaacs contends. The court adopted its findings from the original sentencing hearing, which included a determination that dismissal of the firearm enhancements was inappropriate based on Isaacs's escalating criminal history. That history is relevant to the danger Isaacs would pose if his sentence was reduced because it shows past attempts at rehabilitation were unsuccessful. As such, the court's consideration of Isaacs's criminal history is consistent with the applicable standard.

In short, the court stated the proper legal standard, and its analysis did not depart from that standard. Isaacs has therefore failed to show the court applied the wrong legal standard.

## III. DISPOSITION

The judgment is affirmed.

                                                        O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.